IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RONALD A. HAILES,**

                **Plaintiff,**

      v.                                       CASE NO. 08-3048-SAC

**OFFICER ASBURY,**

                **Defendant.**

## O R D E R

This matter is before the court on a pro se complaint filed under 42 U.S.C. § 1983 by a prisoner incarcerated in the Hutchinson Correctional Facility in Hutchinson, Kansas.  Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the $350.00 district court filing fee.

*Motion for Leave to Proceed In Forma Pauperis*

Pursuant to 28 U.S.C. § 1915(b)(1), the court directed plaintiff to pay an initial partial filing fee of $2.00.  In response (Docs. 7 and 10),[1] plaintiff indicates his available resources are already subject to other obligations, and essentially claims he is unable to pay the initial partial filing fee assessed by the court.  Under the circumstances, the court grants plaintiff

---

[1] Plaintiff's latter pleading (Doc. 10) includes a request under the Freedom of Information Act (FOIA) for information concerning the ownership and operation of Correct Care Solutions and Aramark, entities not named as parties in this action.  Plaintiff's FOIA request is denied because the United States District Courts are specifically excluded from the provisions of that act, 5 U.S.C. § 551.

leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, pursuant to automatic payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).[2]

*Screening of the Complaint under 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

The court first notes that plaintiff has submitted documents titled as "Motion for Relief" (Doc. 3), "Motion to Hear Additional Evidence" (Doc. 6), and "Motion to Hear Evidence" (Doc. 9), which the court liberally construes as amendments incorporating the original complaint. Having reviewed the complaint as amended by these additional pleadings, the court finds this action is subject to being summarily dismissed because plaintiff's allegations asserts no denial of a "right, privilege or immunity secured by federal law." Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

---

[2] 28 U.S.C. § 1915(b)(2) reads:
"After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."

Plaintiff states that he fell on the stairs on October 1, 2007, while being transported in cuffs. Plaintiff seeks damages for the negligence of the transporting officer, and alleges the officer did not do his job properly. Plaintiff states he received medical assessment and treatment for a resulting injury to his forearm, and complains of back pain. Plaintiff further states he filed a personal injury complaint as a limited action in state court, but voluntarily dismissed that complaint when the state court required payment of a filing fee.

The Eighth Amendment, applicable to the states through the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishment on prisoners. Wilson v. Seiter, 501 U.S. 294, 296-97 (1991). Relevant to plaintiff's allegations, an actionable Eighth Amendment claim requires plaintiff to show the transporting officer acted with "deliberate indifference" to plaintiff's health or safety. Farmer v. Brennan, 511 U.S. 825 (1994). Plaintiff's allegations of negligence and inadvertent error by the transporting officer are insufficient to satisfy this demanding constitutional standard. Because plaintiff alleges no facts to support a finding that his injury was caused by the intentional or reckless conduct of a state official, no cognizable constitutional deprivation is presented for the purpose of stating a claim for relief under § 1983. Daniels v. Williams, 474 U.S. 327, 328-31 (1986); Davidson v. Cannon, 474 U.S. 344 (1986). See Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990)(more than mere negligence required for constitutional deprivation in civil rights action).

*Notice and Show Cause Order to Plaintiff*

Plaintiff is thus directed to show cause why the amended

3

complaint should not be summarily dismissed as stating no claim for relief.[3]  See 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  The failure to file a timely response may result in the complaint being summarily dismissed for the reasons stated herein, and without further prior notice to plaintiff.

Plaintiff's Motion to Discover (Doc. 8), in which plaintiff seeks a copy of every document filed by the defendant, is denied without prejudice.  The court has not ordered service of summons and the complaint on the sole defendant named by plaintiff in this action, and no pleadings have been filed by the defendant.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that payment of the full $350.00 district court filing fee from plaintiff's inmate trust fund account is to proceed as authorized by 28 U.S.C. §

---

[3]Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."
   Plaintiff is further advised that his litigation history in this court already includes two such strikes: Hailes v. Jackson, Case No. 93-3541-DES (complaint dismissed as seeking damages from state judge who was immune from such relief); Hailes v. Jackson, et al., Case No. 92-3077-DES (complaint dismissed as seeking damages from state judge and state prosecutor who were immune from such relief).

1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's Motion for Relief (Doc. 3), Motion to Hear Additional Evidence (Doc. 6) and Motion to Hear Evidence (Doc. 9) are granted and liberally construed by the court as amendments to the complaint.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for discovery (Doc. 8) is denied without prejudice.

The clerk's office is to provide plaintiff with a copy of this order and a copy of the docket sheet in this matter.

**IT IS SO ORDERED.**

DATED:  This 29th day of April 2008 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge