```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**RONALD A. HAILES,**

                      **Plaintiff,**

        **v.**                                 **CASE NO. 08-3048-SAC**

**OFFICER ASBURY,**

                      **Defendant.**

<u>**O R D E R**</u>

Plaintiff, a prisoner incarcerated in the Hutchinson Correctional Facility in Hutchinson, Kansas, proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983.

Plaintiff states that he fell on the stairs on October 1, 2007, while being transported in cuffs, and seeks damages for injuries resulting from the alleged negligence of the transporting officer, the sole defendant named in the complaint. The court reviewed the record and directed plaintiff to show cause why the complaint should not be summarily dismissed because plaintiff's allegations of negligence were insufficient to state a cognizable constitutional claim on which relief can be granted under 42 U.S.C. § 1983.

In response, plaintiff essentially argues he is entitled to judgment as a matter of law because the guard's negligence is evident on the face of the alleged facts. However, even if negligence by the defendant were to be assumed as true, dismissal of the instant complaint would still be warranted.

To allege a valid claim under 42 U.S.C. § 1983, a plaintiff

must assert the denial of a right, privilege or immunity secured by the United States Constitution or federal law, committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Section 1983 does not impose liability for violations of duties of care arising out of state tort law. DeShaney v. Winnebago County DSS, 489 U.S. 189, 201-03 (1989). A state tort claim of negligence by a state actor causing injury to a plaintiff does not violate the United States Constitution. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986).

Because plaintiff alleges only negligence by the transporting guard, no cognizable claim for relief under 42 U.S.C. § 1983 is stated. *See* Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990)(more than mere negligence required for constitutional deprivation in civil rights action). The court thus concludes the complaint should be dismissed as stating no actionable claim under 42 U.S.C. § 1983.[1] *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which

---

[1]Although a federal district court has supplemental jurisdiction over claims arising under state law when they are so related to claims arising under federal law that they form part of same case or controversy, 28 U.S.C. § 1367(a), the court declines to exercise such jurisdiction in this case where no federal claim for relief is stated. *See* 28 U.S.C. § 1367(c)(3) (stating a district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction").

relief may be granted").

Plaintiff's pending motions² are denied without prejudice.

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's pending motions (Docs. 12, 14, and 15) are denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 21st day of May 2008 at Topeka, Kansas.


　　　　　　　　　　　　　　　　s/ Sam A. Crow
　　　　　　　　　　　　　　　　SAM A. CROW
　　　　　　　　　　　　　　　　U.S. Senior District Judge

---

²Plaintiff has filed the following motions which are still pending:  a "Motion to Cease and Desist" (Doc. 12) seeking the court's assistance in obtaining access to a copier at the facility to make copies of his pleadings; a "Motion to Hear Evidence" (Doc. 14) seeking additional time to submit a copy of his medical record to the court to further demonstrate the injury he sustained in his fall on the stairs, and a "Motion for Court Order[ed] Medical Records" (Doc. 15) seeking the production of his complete medical record to ensure there is no tampering of these records.